OPINION — AG — (1) A MUNICIPAL EMPLOYEE, I.E., A POLICE OFFICER OR A FIREFIGHTER MAY BE A CANDIDATE FOR THE STATE LEGISLATURE WITHOUT RELINQUISHING THE OFFICE OF MUNICIPAL EMPLOYEE. (2) UPON ASSUMPTION OF LEGISLATIVE OFFICE, A POLICE OFFICE MUST RELINQUISH HIS POSITION AS POLICE OFFICER AS A MATTER OF LAW AS BOTH THE POSITION OF LEGISLATOR AND THE POSITION OF POLICE OFFICER ARE PUBLIC OFFICES. (DUAL OFFICE HOLDING) (3) WHETHER MUNICIPAL EMPLOYEES (OFFICERS) OTHER THAN FULL TIME POLICE OFFICERS MAY SERVE AS LEGISLATORS DEPENDS ON WHETHER SUCH MUNICIPAL EMPLOYMENT CONSTITUTES A PUBLIC OFFICE WHICH IS A QUESTION OF FACT, AND MAY NOT BE ANSWERED AS A MATTER OF LAW. CITE: ARTICLE V, SECTION 17, ARTICLE V, SECTION 18 ARTICLE V, SECTION 19, OPINION NO. 77-180, 14 O.S. 1973 Supp., 80 [14-80], 14 O.S. 1973 Supp., 108 [14-108] 51 O.S. 1971 6 [51-6], 74 O.S. 1971 18 [74-18](B) (ELECTIONS, OFFICERS) (WILLIAM W. GORDEN JR) ** SEE OPINION NO. 91-653 (1991)